(No. 78-CV-0410–■■■■■■■■■)

*In re* APPLICATION OF JOHN A. KALOYEROS, JR.

*Opinion filed October 20, 1983.*

CIRRICIONE, BLOCK, KROCKEY & CERNUGEL, P.C. (MICHAEL D. BLOCK, of counsel), for Claimant.

Neil F. Hartigan, Attorney General (Faith S. Salsburg, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of a criminal offense that occurred on December 18, 1977. Claimant seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, John A. Kaloyeros, Jr., age 21, was a victim of a violent crime, as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: aggravated battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—4).

2. That on December 18, 1977, the Claimant was assaulted by one John Harasti, without provocation. Claimant sustained extensive injuries. The incident occurred at the 7-Eleven parking lot, Romeoville, Illinois. Claimant was taken to the Silver Cross Hospital, Joliet, Illinois, for treatment of his injuries.

3. That Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $1,391.57, none of which was paid by insurance.

5. That section 4 of the Act states that loss of earnings shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less. Ill. Rev. Stat. 1979, ch. 70, par. 74.

6. That Claimant's average net monthly earnings for the six months preceding the date of his injury were in excess of $500.00 per month.

7. That Claimant was disabled and unable to work from December 19, 1977, to January 30, 1978, for a period of one month and six working days.

8. That based on $500.00 per month, the maximum compensation for loss of earnings for one month and six working days is $636.38.

9. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds, or from any source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

11. That the Claimant obtained a judgment against his attacker, John Harasti, in the amount of $10,000.00,

which, pursuant to section 7(d) of the Act, is a permissible deduction.

12. That Claimant has received $1,421.88 out of the $10,000.00 in civil damages.

13. That on July 29, 1982, Claimant was informed by John Harasti that further payments would not be forthcoming due to Harasti's economic condition.

14. That the Claimant is entitled to an award based on the following:

| | | |
|---|---|---|
| Compensable loss of earnings | | 636.38 |
| Medical/hospital expenses | | $1,391.57 |
| | Total | $2,027.95 |
| Less restitution | | -$1,421.88 |
| Less $200.00 deductible | | - 200.00 |
| | Total | $ 206.88 |

It is hereby ordered that the sum of $206.88 (two hundred six and 88/100 dollars) be and is hereby awarded to John A. Kaloyeros, Jr., an innocent victim of a violent crime.